**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **CHRISTOPHER NATHANIEL WASHINGTON,** ) ) ) | |
| **Plaintiff,** ) ) | |
| v. ) ) | Case No. 12-1056-JTM |
| **MARY CORREIA,** ) ) ) | |
| **Defendant.** ) ) | |

**MEMORANDUM AND ORDER**

Christopher Nathaniel Washington, pro se, is apparently incarcerated in a prison located in Corcoraw, California and has been granted leave to proceed in forma pauperis. (Doc. 9). His complaint alleges that Mary Correia breached a contract and otherwise engaged in fraud in the course of business transactions concerning stock in a closely held corporation. This matter is before the court on his (1) motion for an extension of time, (2) motion to compel, and (3) motion for order. (Doc. 12, 14, & 15). The court's rulings are set forth below.

Because plaintiff proceeds in forma pauperis, the clerk of the court was directed to take the steps necessary to serve defendant with a summons and copy of plaintiff's amended complaint. (Doc. 9, See 28 U.S.C. 1915(d) & Fed. R. Civ. P. 4(c)(3)). The clerk's office requested that plaintiff provide an address for the defendant so that service could be

effectuated. (Doc. 11). Conceding that he did not have a current address for defendant, plaintiff moved for an extension "of at least sixty days" so that he could engage in formal discovery to ascertain her current address. (Doc. 12). Specifically, he filed two motions requesting that the manager of defendant's former apartment (1) be deposed or (2) produce documents that might show where defendant might be served. (Doc. 14 & 15).

Generally, Federal Rule of Civil Procedure 26(d)(1) forbids a party from seeking discovery "from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1). Obviously, the parties have not conferred because defendant has not even been served with the summons and complaint. However, Rule 26(d)(1) allows the court to order expedited discovery upon a showing of "good cause." Id. Research reveals no controlling Tenth Circuit precedent when the defendant has not been served, but the Second Circuit permits limited discovery when there is: (1) a concrete showing of a prima facie claim; (2) a specific discovery request; (3) an absence of alternative means to obtain the information; (4) a central need for the information; and (5) a minimal expectation of privacy by the defendant in the subpoenaed information. See Arista Records, LLC v. Doe 3, 604 F.3d 110, 119 (2d Cir. 2010)(allowing subpoenas to internet service providers (ISP) to learn defendants' true identities).

The court is not persuaded that plaintiff has made the necessary showing required by Arista because the amended complaint does not reflect a "*concrete* showing of a prima facie claim." At best, plaintiff's complaint describes a vague and ambiguous history of business transactions dating back to 1995. More importantly, Arista permitted expedited discovery because there was *no* alternative means to discover the true identity of the defendants who

used anonymous e-mail addresses to share internet files. Here, plaintiff seeks the current address of defendant, information that may be secured without formal discovery tools, e.g., review of phone directories, a self-help internet search request, or use of a company that specializes in locating people.[1]

Finally, plaintiff's request for expedited formal discovery appears to be a fishing expedition in the hope that the apartment complex "might" have some information on where to locate defendant. The discovery requests are not narrowly tailored and focused.

Plaintiff has failed to show "good cause" for expedited discovery; therefore, his motions to proceed with discovery before defendant has been served shall be denied. The court recognizes that plaintiff is incarcerated and that securing the address of defendant may take additional time. Accordingly, plaintiff will be given an extension of time to provide a current address so that the clerk of the court may serve the defendant. Plaintiff is admonished that the case may be dismissed without prejudice if defendant is not served with the summons and complaint. See Fed. R. Civ. P. 4(m).

**IT IS THEREFORE ORDERED** that plaintiff's motions for expedited discovery **(Doc. 14 & 15)** are **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff's motion for an extension of time **(Doc. 12)** is **GRANTED IN PART** and plaintiff shall provide a current address for serving defendant by **November 9, 2012.** Failure to comply with this order may result in the

---

[1] Indeed, plaintiff has made no showing that he contacted the apartment complex and was unable to informally secure the information.

dismissal of this case without prejudice.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 10th day of September 2012.

                                                S/ Karen M. Humphreys
                                                _____
                                                KAREN M. HUMPHREYS
                                                United States Magistrate Judge