IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Christopher Nathaniel Washington,
    Plaintiff,

vs.                                              Case No. 12-1056-JTM

Mary Correia,
    Defendant.

MEMORANDUM AND ORDER

This is a diversity action brought by incarcerated plaintiff Christopher Washington, who advances contract and other claims unrelated to his incarceration against defendant Mary Correia. The matter is before the court on the recent filing by plaintiff Washington, which the court has construed as an Application for Clerks' Entry of Default. (Dkt. 33). As plaintiff has yet to achieve successful service on the defendant, the Application is denied.

In recognition of his incarcerated status, this court has previously extended the time for Washington to obtain service. By an Order entered September 10, 2012, the United States Magistrate Judge specifically directed Washington to supply the necessary information in a timely fashion. It further stated, "Plaintiff is admonished that the case may be dismissed without prejudice if defendant is not served with the summons and

complaint." (Dkt. 17, at 3-4).

Following this admonition, Washington has repeatedly (Dkt. 24, 25, 27, 28, 29) sought reconsideration or alternative relief. These requests have been denied. (Dkt. 31). Washington has never successfully provided information to the court to permit effective service on the defendant. On February 4, 2013, Washington represented that service on the defendant might be made at a specific address in Wichita, Kansas. (Dkt. 30). The court directed service of process at this address. The summons was returned unexecuted. (Dkt. 32).

The district court has the discretion under Fed.R.Civ.Pr. 4(m) to determine whether a plaintiff who has failed to obtain timely service has shown good cause for such failure. *See Espinoza v. United States*, 52 F.3d 838, 840 (10th Cir.1995). The mere fact of incarceration is not good cause for failing to supply information sufficient to obtain service. *See Sena v. Wackenhut Corp.*, 3 Fed.Appx. 858, 861 (10th Cir. 2001) (affirming dismissal and finding that plaintiff's "contentions that he is currently incarcerated, ... and cannot get information [as to civilian defendant's] whereabouts, are insufficient to establish good cause").

The ultimate responsibiltiy for supplying sufficient information for service rests with plaintiff.

> Much effort has been expended to locate Defendant Dolinski and accomplish service, but with no success. Ultimately, however, it is Plaintiff's responsibility to provide the Court with an address at which each defendant can be served and the Court is not in a position to use its resources to investigate the current location of a person against whom a *pro se* litigant wishes to bring a federal court action. Once a plaintiff has been notified that all attempts at service have been unsuccessful and the plaintiff does not present a new or updated address, "[n]either his *pro se* status nor his incarceration constitute good cause for the lack of service." *Davis v.*

*Macconnell*, No. 3:11-cv-00090, 2011 WL 5326256, at *3 (S.D.Ohio Sept.16, 2011) (citing *Rose v. U.S. Postal Service*, 352 F. App'x 82 (7th Cir.2009) (neither a party's *pro se* status nor his inexperience as a litigant excuse him from the requirements of Rule 4(m)).

*Kaufman v. Corizon Health*, No. 12-10162, 2012 WL 5830229, *1 (E.D.Mich. 2012). *See also Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994) (good cause not shown where prisoner failed to give sufficient information to serve defendant); *Hall v. Tilton*, No. 07-3233, 2008 WL 4614520, *2 (N.D.Cal. 2008) ("[i]f the marshal is unable to effectuate service through no fault of his own, *e.g.,* because plaintiff failed to provide sufficient information or because the defendant is not where [the incarcerated] plaintiff claims, and plaintiff is informed, plaintiff must seek to remedy the situation or face dismissal").

Under ordinary circumstances, service of process in a civil action must be obtained within 120 days of filing. In the present case, Washington filed his original Complaint on February 13, 2012. Thus, a full year has thus elapsed without successful service. Indeed, six months have elapsed since the United States Magistrate Judge specifically gave notice of the application of Fed.R.Civ.Pr. 4(m) and admonished Washington of the need to supply information to permit a successful service.

IT IS ACCORDINGLY ORDERED this 20th day of March, 2013, that the Application for a Clerk's Entry of Default (Dkt. 33) is hereby denied; the present action is hereby dismissed without prejudice pursuant to Rule 4(m).

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE